**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- :
ISRAFEL BRIGGS, on behalf of himself            : State Court Index No:  716187/2017
And all others similarly situated,              : CIVIL ACTION No.: _____
                                                :
      Plaintiff,                                :
                                                :
v.                                              :
                                                :
CHARTER COMMUNICATIONS, LLC                     :
And TIME WARNER CABLE SERVICES                  :
LLC AS AGENT FOR TWC ADMINISTRATION,            :
                                                :
      Defendants.                               :
---------------------------------------------------------------- :

<u>**NOTICE OF REMOVAL**</u>

     PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446,

Defendants Charter Communications, LLC and TWC Administration LLC (collectively,

"Defendants")[1] hereby remove the above-captioned matter from the Supreme Court of the State

of New York, County of Queens, to the United States District Court for the Eastern District of

New York.  This Court has original subject matter jurisdiction over Plaintiff's lawsuit under the

Class Action Fairness Act of 2005 ("CAFA") because this matter was brought as a class action,

the amount alleged to be placed in controversy by Plaintiff's Complaint exceeds $5 million in the

aggregate, the number of proposed class members exceeds 100 individuals, and diversity of

citizenship exists between one or more members of the putative class and one or more

Defendants.

---

[1]     Time Warner Cable Services LLC did not at any time employ Plaintiff or any of the putative class members Plaintiff seeks to represent, and therefore is not a proper party to this action.

## I.     THE STATE COURT ACTION

1.       On or about November 21, 2017, Plaintiff Israfel Briggs ("Plaintiff") commenced a putative class action against Defendants by filing a complaint in the Supreme Court of the State of New York, County of Queens.

2.       On December 15, 2017, Defendants were served with a copy of the summons and complaint, attached hereto as Exhibit A, via certified mail.  No further filings have been made to date in state court besides the summons and complaint.

3.       This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is being filed within thirty (30) days after Defendants' receipt of the Complaint.

4.       In the Complaint, Plaintiff asserts claims (i) for allegedly unpaid overtime under New York Labor Law ("NYLL") §§ 190 *et seq*., including but not limited to §§ 190, 191, 193, 198; NYLL §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations; and (ii) for Defendants' alleged failure to provide accurate wage statements in violation of NYLL §§ 190 *et seq.*, including §§ 195(3) and 198(1-d).  Plaintiff asserts his claims on behalf of himself and purportedly on behalf of a putative class action of all other individuals allegedly required to work without compensation, denied overtime pay, and not provided with accurate wage statements by Defendants.

## II.     GROUNDS FOR REMOVAL

5.       28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

6.       This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of class actions.  28 U.S.C. § 1453.

7.      This Court's subject matter jurisdiction, and the basis for removal, is founded upon 28 U.S.C. § 1332.

## III.    THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION

8.      The Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified in relevant part at 28 U.S.C. § 1332(d)(2) and 1453(b).

9.      CAFA provides for federal subject matter jurisdiction over any class action in which (A) the matter in controversy exceeds $5 million; (B) the aggregate number of putative class members in all proposed plaintiff classes is at least 100; and (C) any member of a class of plaintiffs is a citizen of a different state from any defendant.  28 U.S.C. § 1332(d)(2), 1332(d)(5).

10.     Although Defendants deny Plaintiff's factual allegations and that he or the class he purports to represent are entitled to the relief requested, based on Plaintiff's allegations and prayer for relief, all requirements for jurisdiction under CAFA have been met in this case.

### A.    Class Size

11.     CAFA requires that the number of proposed class members is 100 or greater.  28 U.S.C. § 1332(11)(B).

12.     The purported Class Period is November 21, 2011, to the present.  Exhibit A (Complaint) ¶ 1.

13.     Plaintiff's Complaint purports to assert claims on behalf of a broadly defined putative class, consisting of all current and former "non-exempt hourly paid customer service representatives and help desk leads ('Help Desk Workers')" employed by either Defendant in the State of New York at any time from November 21, 2011, to the present.  Exhibit A (Complaint) ¶¶ 1, 5.

14.     Based on Plaintiff's definition of "Help Desk Workers," and upon information and belief, the putative class contains at least 6,000 non-exempt, hourly-paid employees who

worked for either Defendant in the State of New York between November 21, 2011, and the present.  Declaration of Assata Malcolm ("Malcolm Decl.") ¶ 2.[2]

### B.    Diversity of Citizenship

15.    CAFA's minimal diversity requirement is satisfied when "any member of the class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).

16.    Plaintiff is a citizen of New York.  Exhibit A (Complaint) ¶ 3.

17.    For purposes of sections 28 U.S.C. §§ 1332 and 1441, a corporation is a citizen of its state of incorporation and the state where it has its principal place of business.  28 U.S.C. §1332(c)(1).  A limited liability company is a citizen of every state where its members are citizens.  *Bayerische Landesbank v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012).

18.    Charter Communications, LLC is a Delaware limited liability company with a principal place of business at 12405 Powerscourt Drive, St. Louis, MO 63131.  Its sole member is Charter Communications Operating, LLC, which is also a Delaware limited liability company with a principal place of business at 12405 Powerscourt Drive, St. Louis, MO 63131.  Both Charter Communications, LLC and Charter Communications Operating, LLC, are indirect subsidiaries of and managed by Charter Communications, Inc., a publicly held Delaware corporation with a principal place of business at 400 Atlantic Street, Stamford, CT 06901.

19.    Defendant Charter Communications, LLC is therefore not a citizen of New York.

20.    TWC Administration LLC is a Delaware limited liability company with a principal place of business at 12405 Powerscourt Drive, St. Louis, MO 63131.

---

[2]    Defendants do not admit, and reserve the right to contest, Plaintiff's allegations regarding Plaintiff and the putative class, as to whether any individuals are similarly situated to Plaintiff, and as to whether this lawsuit may properly proceed as a class action.

21.    The sole member of TWC Administration LLC is Time Warner Cable Enterprises LLC, a Delaware limited liability company, with a principal place of business at 12405 Powerscourt Drive, St. Louis, MO 63131.  Both TWC Administration LLC and Time Warner Cable Enterprises LLC are indirect subsidiaries of and managed by Charter Communications, Inc., a publicly held Delaware corporation with a principal place of business at 400 Atlantic Street, Stamford, CT 06901.

22.    Defendant TWC Administration LLC is therefore not a citizen of New York.

23.    Accordingly, minimal diversity exists.

**C.    Amount in Controversy**

24.    Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d)(6).

25.    In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)."  Senate Judiciary Report, S. REP. 109-14, at 42.

26.    To satisfy the amount-in-controversy requirement, the party seeking removal "must show that it appears to a 'reasonable probability' that the aggregate claims of the plaintiff class are in excess of $5 million."  *Smith v. Manhattan Club Timeshare Ass'n, Inc.*, 944 F. Supp. 2d 244, 250 (S.D.N.Y. May 10, 2013) (citing *Blockbuster Inc. v. Galeno*, 472 F.3d 53, 59 (2d Cir. 2006)).  In determining whether the removing defendant has met this burden, courts look first to the plaintiff's complaint and then to the defendants' petition for removal.  *Id.*  Where the

pleadings are inconclusive of the amount in controversy, a court may consider evidence outside those pleadings in the record.  *Id.*

27.    Once the party seeking removal has satisfied its burden of demonstrating that the amount in controversy is satisfied, the plaintiff can defeat jurisdiction only by demonstrating "to a legal certainty" that the amount recoverable does *not* meet the $5,000,000 threshold.  *See Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003).  The Second Circuit in particular has made this a "difficult burden to overcome," *Hines*, 2013 WL 4495667, at *6.  To overcome this burden, the Plaintiff must demonstrate that "[t]he legal impossibility of recovery [is] so certain as virtually to negative the plaintiff's good faith in asserting the claim."  *Scherer*, 347 F.3d at 397; *Hines*, 2013 WL 4495667, at *6.

28.    Further, CAFA's legislative history makes clear that doubts regarding the maintenance of class actions in state or federal court should be resolved in favor of federal jurisdiction.  *See, e.g.*, S. Rep. 109-14, reprinted in 2005 WL 627977, at *43 (1st Sess. 2005) ("Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions.  Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

29.    While Defendants deny Plaintiff's factual allegations and deny that Plaintiff or the putative class that he purports to represent is entitled to the relief for which he has prayed, or to any other form of relief, Defendants can establish to a "reasonable probability" that the aggregate relief sought by the Plaintiff for himself and the class as alleged in the Complaint far exceed $5,000,000.[3]

---

[3] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint. Defendants' reference to specific damages amounts is provided solely for the purpose of establishing to a "reasonable probability" that the amount placed in controversy by Plaintiff is in excess of the jurisdictional minimum.  Defendants maintain that each of Plaintiff's claims is without merit and that Defendants are not liable to

30.     In his First Cause of Action, Plaintiff alleges that Defendants failed to pay to Plaintiff and Class Members overtime at a rate of one and one-half times the employees' regular rates for all hours worked over forty in a given work week under NYLL §§ 190 *et seq.* and 650 *et seq.*, and New York Department of Labor regulations.  Compl. at ¶¶24-29.  In his Second Cause of Action, Plaintiff alleges that Defendants failed to provide accurate wage statements to Plaintiff and Class Members in violation of NYLL §§ 195(3) and 198(1-d), and therefore Plaintiff and Class Members "are entitled to damages of two hundred and fifty dollars for each day that Defendants [did so], or a total of five thousand dollars each," plus attorney's fees, costs, and injunctive and declaratory relief.  *Id.* at ¶¶30-33.

31.     Considering only the Second Cause of Action, Defendants can demonstrate that the amount in controversy as pled by Plaintiff exceeds the $5,000,000 CAFA threshold.

32.     Plaintiff does not specify in the Complaint how many weeks each putative class member was employed by Defendants.  He also does not specify on how many workdays each putative class member did not allegedly receive pay for all hours worked, and by extension, on how many workdays each putative class member allegedly received inaccurate wage statements in purported violation of NYLL §§ 195(3) and 198(1-d).

33.     Plaintiff asserts that throughout his employment with Defendants, he worked through his meal break for one (1) to two (2) shifts per week for approximately ten (10) minutes each shift.  Compl. ¶18.  Based on this assertion, Plaintiff worked at least one day per week for which he allegedly did not receive an accurate wage statement.

---

Plaintiff or some or all of those he seeks to represent.  Defendants specifically deny that Plaintiff has suffered, or some or all of those he seeks to represent have suffered, any damage as a result of any act or omission by Defendants, and further dispute that the claims are appropriate for class adjudication.  No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover these or any other damages based upon the allegations contained in the Complaint or otherwise.

34.     NYLL § 198(1-d) was revised effective February 27, 2015, to impose $250 per day liability for wage statement violations, up to a maximum of $5,000 per employee.  Prior to that date, NYLL § 198(1-d) imposed $100 per week liability for wage statement violations, up to a maximum of $2,500 per employee.  NYLL § 198(1-d) (2012).

35.     Plaintiff alleges that he worked continuously for Defendants from 2009 through March 2017.  Compl. ¶16.  Accordingly, Plaintiff worked for Defendants more than 20 weeks between February 27, 2015 (when NYLL § 198(1-d) was revised) and March 2017.  Based on his allegations, he therefore worked more than 20 days for which he allegedly did not receive an accurate wage statement, meaning that his personal potential recovery for the Second Cause of Action is the maximum $5,000 liability (20 days times $250 per day).

36.     Plaintiff alleges that his circumstances are typical of other putative class members and that there is commonality among all class members.  Compl. ¶¶ 8, 11.  Accordingly, it is appropriate to assume that Plaintiff is asserting that his alleged experiences are similar to those of class members he seeks to represent.

37.     Of the at least 6,000 individuals who may upon information and belief be part of Plaintiff's putative class, over 3,000 worked at least 20 weeks between February 27, 2015, and the present.  Malcolm Decl. ¶ 3.

38.     Thus, applying the conservative estimate of 1 alleged violation workday per week (based on Plaintiff's own allegations) during the period from February 27, 2015, to the present, the amount at issue for Plaintiff's Second Cause of Action *alone* is at least **$15,000,000** (3,000 class members, times at least 20 workweeks, times 1 violation workday per workweek, times $250 per violation day – capped at $5,000 per class member).

39.     This very conservative estimate does not include other elements of Plaintiff's damages claims, including (i) alleged unpaid overtime pursuant to Plaintiff's First Cause of Action and (ii) damages for wage statement violations prior to February 27, 2015, based on the version of NYLL § 198(1-d) then in effect, or (iii) interest.  Including those elements means that the amount at issue (which already exceeds the $5,000,000 CAFA requirement) is in fact substantially greater.   Furthermore, if Defendants were to choose less conservative assumptions (i.e., increased alleged unpaid hours and/or workdays per week), the amount at issue would be even greater.

40.     Plaintiff also seeks recovery of attorneys' fees.  "Attorney's fees can be considered as part of the amount in controversy where they are anticipated or awarded in the governing statute."  *Henry v. Warner Music Grp. Corp.*, Case No. 13-civ-5031 (PGG), 2014 WL 1224575, at *3 (S.D.N.Y. Mar. 24, 2014) (citing *Pollock v. Trustmark Ins. Co.*, 367 F. Supp. 2d 293 (E.D.N.Y. Apr. 27, 2005)).  *See also Servedio v. State Farm Ins. Co.*, 814 F. Supp. 2d 214, 217 (E.D.N.Y. Sept. 19, 2011) ("Given that [Plaintiff's] statutory claims contemplate *treble damages and attorney's fees, see* N.Y. Gen. Bus. L. § 349(h), and that he seeks, in addition, punitive damages, the Court is satisfied that Servedio has established a 'reasonable probability' that his proposed class action seeks monetary relief of more than $5 million.") (emphasis added).

41.     In his Complaint, Plaintiff also seeks attorneys' fees in connection with both Causes of Action.  *See* Complaint, ¶¶28, 33.

42.     If Plaintiff is able to demonstrate that he is entitled to recover on any of his claims for attorneys' fees, which Defendants specifically deny, then he will undoubtedly argue that the award of such fees should amount to a significant percentage of the total recovery.  *See Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 51 (2d Cir. 2000) (recognizing 25% as

the "'benchmark' that district courts should award in common fund cases."). Thus, if Plaintiff recovered the amount of damages for his Second Cause of Action discussed above it is reasonable that he could additionally recover approximately $3,750,000 in attorney's fees – bringing the total recovery for such damages and attorneys' fees to approximately $18,750,000. Again, this does not include additional elements of Plaintiff's damages claims as discussed *supra*, ¶ 39.

43.     Thus, although Defendants expressly deny Plaintiff's allegations, and expressly deny that he or the putative class that he purports to represent is entitled to any of the requested relief, the amount in controversy associated with Plaintiff's aggregated claims clearly exceeds the $5,000,000 threshold set forth under 28 U.S.C. § 1332(d)(2).

## IV.    THE REMAINING PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

44.     As set forth above, this Notice of Removal is filed within thirty days of service of the Complaint upon Defendants.

45.     Venue is proper in this District pursuant to 28 U.S.C. § 1441(a) because the Supreme Court of the State of New York, County of Queens, where this action was filed and had been pending prior to removal, is a state court within this federal district and division.

46.     Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of Queens, in accordance with 28 U.S.C. § 1446(d).

47.     Written notice of the filing of this Notice of Removal has been or will be given to Plaintiff through his attorney of record in accordance with 28 U.S.C. § 1446(d).

48.     All process, pleadings, and orders served upon Defendants are attached as Exhibit A in accordance with 28 U.S.C. § 1446(a).

49.    A completed Federal Civil Cover Sheet accompanies this Notice of Removal.

50.    If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to present both a brief and oral argument in support of their position that this case is removable.

## V.    <u>NON-WAIVER</u>

51.    If this Court determines that the pleadings and other documents to date lack adequate information from which to ascertain the prerequisites to jurisdiction under CAFA, the removal clock will have not begun to run, and Defendants reserve the right to remove this action at the appropriate time.  *See Cutrone v. MERS, Inc.*, 749 F.3d 137, 145 (2d Cir. 2014).

52.    By filing this Notice of Removal, Defendants do not waive any defenses and reserve all defenses and objections they may have to this action.

**WHEREFORE**, Defendants, desiring to remove this case to the United States District Court for the Eastern District of New York, pray that the filing of this Notice of Removal shall effect the removal of this action to this Court.

Date: January 12, 2018

Respectfully Submitted,
MORGAN, LEWIS & BOCKIUS LLP

*s/ Joseph A. Nuccio*

Michael J. Puma
1701 Market Street
Philadelphia, PA 19103
Telephone: 215-963-5305
michael.puma@morganlewis.com

Joseph A. Nuccio
502 Carnegie Center
Princeton, NJ 08540
Telephone:  609-919-6659
Facsimile: 609-919-6600
joseph.nuccio@morganlewis.com

*Attorneys for Defendants*
Charter Communications, LLC, and
TWC Administration LLC

## CERTIFICATE OF SERVICE

I, Joseph A. Nuccio, hereby certify that on this 12th day of January 2018, I caused a true and correct copy of the foregoing Defendants' Notice of Removal, with accompanying Exhibit A and Declaration of Assata Malcolm, to be served by ECF and Federal Express upon the following:

Louis Ginsberg, Esq.
The Law Firm of Louis Ginsberg, P.C.
1613 Northern Boulevard
Roslyn, NY 11576
Telephone: (516) 625-0105 X 18

*s/ Joseph A. Nuccio*
Joseph A. Nuccio